Dolores Cotto Vargas, Petitioner, *v.* District Court of Guayama, Respondent.

No. 1117. Decided June 24, 1938.

M. *Guzmán Texidor* for petitioner. *C. Domínguez Rubio* and *L. Domínguez Rovira* for intervener, plaintiff in the main action.

Mr. Justice Wolf delivered the opinion of the court.

On January 28, 1938, we delivered an opinion in this case holding, in substance, that Act No. 81 of 1936 (Session Laws, p. 432) was applicable to all mortgages, irrespective of the date of the execution of the deed, and provided for a uniform procedure in the summary foreclosure of mortgage liens. We said:

"We have read the Acts of 1931 and 1936 carefully, and have interpreted their enactment as expressive of a legislative intent to put into force a complete system for the valuation of property before sale, somewhat similar to that existing between 1893 and 1905. We think the Act of 1936 covers all mortgages recorded prior to its enactment. Furthermore, it is our opinion that the Act is retroactive and merely affects the procedure to be followed in the summary foreclosure of a mortgage, when the deed does not express the minimum price at which the property will be put up at the first foreclosure sale. Such an interpretation leads toward the establishment of a uniform procedure for all summary foreclosures of a mortgage."

The mortgage creditor affected by our decision has filed a motion for reconsideration. He assigns fifteen reasons *(motivos)* why we should let him convince this court of the correctness of his position.

Of the many grounds presented, the first, third, fifth, twelfth, and fourteenth are, in our opinion, the only important ones.

The first reason concerns the legal effect which should be given to Act No. 81, *supra.* The creditor maintains, as he did in his original brief, that the foregoing statute was merely amendatory of section 175 of the Regulations for the

Execution of the Mortgage Law, and therefore only that part or phrase which was actually added to it should be given any independent effect, and that whatever force the rest of the section itself may have had before such an amendment should not be affected thereby. He stresses the fact that before the existence of Act No. 81, *supra,* section 175 of the Regulations had been int rpreted by us as having a definite application, in some respects very broad, and in others very limited. He brings out that the section reads, but for the amendment later to be discussed, exactly as it did in 1893. All that the section originally said concerning the three situations under which suspension of the summary foreclosure proceeding could b obtained and providing for recourse otherwise to the proper plenary action, had been given full force by our courts.

The next to the last paragraph of the section is to be considered. It read and still reads:

"Creditors who have their rights recorded prior to the time the law goes into effect, may elect this summary procedure; but when the titles of their claims do not state the agreement of the debtor to a definite price for the auction, they must establish this agreement by means of a public instrument, or request a valuation, in accordance with the Law of Civil Procedure, in order to prepare the announcement of the sale; the rules of this section fixing the upset price for the protection of preferred claims being understood to be always applicable. The proceedings for the appointment of an expert shall be had at the time demand for payment is made and shall relate to the same persons on whom such demand is to be served."

This paragraph was interpreted by us in the case of *Henna* v. *Saurí & Subirá,* 22 P.R.R. 776, 788, as referring to those mortgage deeds which had been executed prior to 1893 and which did not state the agreement of the debtor to a definite price for the auction. This provision as we have said has remained unchanged throughout the forty-five years which have elapsed since it was first enacted in 1893. The only

amendment to section 175, under Act No. 81 of 1936, is to be found in the phrase underlined in the following paragraph:

"All other claims that may be brought, either by the debtor or by third persons in possession and other persons interested, including those involving the nullity of the title or of the proceedings, or the maturity, truth, extinction or amount of the debt, shall be heard in, the proper plenary action, without ever producing the effect of suspending or interfering with the execution proceedings, *but as regards third acquirers, if from the registration the cause of action does not clearly appear, the effect of such claims shall be subject to the provisions of Article 34 of the Mortgage Law*. The jurisdiction to take cognizance of this declaratory action shall be determined by the ordinary rules."

Petitioner contends that inasmuch as Act No. 81 of 1936 was entitled "An Act to *Amend* Article 175 of the Regulations for the Execution of the Mortgage Law of Puerto Rico," and that, as the introductory phrase of the law reads "Article 175 of the Regulations for the Execution of the Mortgage Law of Puerto Rico is *amended* and *drafted* as follows:", the enactment should only be given the effect of an amendment and not of a re-enactment.

In support of this contention counsel sets forth in his third ground that our Code of Civil Procedure has no provision with regard to the procedure to be followed in cases where a valuation in a foreclosure proceeding, must be judicially assessed. This procedure, says he, was expressly set out in the Spanish Code of Civil Procedure which is no longer in force and was supplanted by the Code of Civil Procedure of 1904. Therefore, he maintains that the reference, in the Act of 1936, to a "valuation, in accordance with the Law of Civil Procedure", cannot possibly refer to the Code now in force, and so must be interpreted in the same light as it was before 1936.

The weight of the argument expressed in assignments twelve and fourteen consists in the fact that if Act No. 81 of 1936 is interpreted as creating, once more, the situation,

which arose after 1893 and until 1904, the result would be that it would annul or subject to annulment all summary foreclosures effected after the Act of 1936 was in force, in which a valuation was not reached prior to the auction sale.

We realize the force of the arguments presented by the petitioner. Nevertheless, the Act of 1936, *supra*, while styled an amendment, was, with an irrelevant alteration, substantially a re-enactment of section 175 of the Regulations for the Execution of the Mortgage Law as it had already stood on the statute books. Thus the legislature again revealed its intention that a valuation of the property was an indispensable prerequisite to a summary foreclosure proceeding.

The petitioner, it is true, draws our attention to the fact that by the case of *Henna* v. *Saurí & Subirá,* 22 P.R.R. 776, 788, this court interpreted section 175, *supra,* as only referring to mortgage deeds executed before 1893. We, however, given the Acts of 1931 and 1936, can arrive at no other conclusion but that the legislature intended to give section 175 as amended, a broader scope. It restores the summary remedy to those mortgages falling under our decision in the case of *Emanuelli* v. *District Court,* 49 P.R.R. 756.

The contention that as the Spanish Code of Civil Procedure is the one referred to under section 175 the original interpretation must still be adhered to is not a real obstacle. In various cases we have decided that the Code of Civil Procedure of 1904 only repealed the provisions of the old code that were not in harmony with the existing code.

The petitioner calls our attention to the difficulty that might arise to mortgage creditors who have foreclosed their liens after 1936 for mortgages drawn up prior to 1931 and who proceeded under the assumption that a valuation was unnecessary. We have the idea that those cases will be relatively few and they are not distinctly before us. It is possible that such mortgages could be protected by a principle of *stare decisis* although we are not called upon to make

this holding. Anything we said to the contrary in our main opinion should be interpreted in the light of the above possibility, if *stare decisis* is applicable.

Under all the circumstances. although we may admit that petitioner has suggested a plausible interpretation, our original opinion of January 28, 1938, is upheld and the motion for reconsideration is overruled.